THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT L. HEAD, JR., Defendant-Appellant.

Fourth District   No. 15666

Opinion filed January 8, 1980.—Rehearing denied February 4, 1980.

Richard J. Wilson and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Ronald C. Dozier, State's Attorney, of Bloomington (Thomas R. Lamont and Donald L. Hays, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendant, in a bench trial, was found guilty of the offense of the unlawful possession of a controlled substance in violation of section 402(b) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1402(b)). The defendant was sentenced to 30 days' imprisonment, 2 years' probation, and fined $250 and ordered to pay court costs. On appeal, the defendant contends that the trial court erred in denying his pretrial motion to suppress evidence.

Defendant was arrested for the unlawful use of a weapon during the early morning hours of July 30, 1978, allegedly because he was seen discharging a gun on LeRoy city property. During a routine post-arrest search of the defendant's person at the McLean County jail a foil packet was found, inside of which was a white powder, which subsequently was found to contain phencyclidine. Consequently, the defendant was charged by information on August 18, 1978, with the unlawful possession of a controlled substance.

The defendant filed a pretrial motion to suppress evidence found during the search because the defendant contended that there was no "probable cause to believe the defendant had committed or was committing an offense at the time of his arrest." The trial court denied the defendant's motion after a January 5, 1979, hearing.

■■ In Illinois, the law is settled that in the absence of a warrant or a reasonable belief that a warrant has been issued, "[a] peace officer may arrest a person when: * * * (c) He has reasonable grounds to believe that the person is committing or has committed an offense." Ill. Rev. Stat. 1977, ch. 38, par. 107—2(c); *People v. Wilson* (1970), 45 Ill. 2d 581, 262 N.E.2d 441.

■■ Applying the facts presented to the trial court at the suppression hearing to the applicable law we affirm the trial court's ruling that the arresting police officer had probable cause to arrest the defendant for the offense of the unlawful use of a weapon. (See Ill. Rev. Stat. 1977, ch. 38, par. 24—1(a)(10).) Although the police officer admitted that he was too far away to distinguish that the object the defendant held in his hand was, in fact, a handgun, the police officer, who testified that he had previously fired at least 1,200 rounds of gunfire during various training sessions, stated that based upon the sounds that he heard (three loud bangs) and the flashes that he saw, he believed at the time that the defendant was holding a firearm in his hand. It is clear that when the police officer allegedly saw the defendant discharge the handgun the defendant was on city property.

We agree with the trial court that the police officer had reasonable grounds to believe that the defendant had discharged a handgun on city property. It follows that the defendant's arrest was legal and that the trial court's order denying the defendant's motion to suppress should be affirmed.

Affirmed.

MILLS, P. J., and WEBBER, J., concur.